## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST )
FROM THE UKRAINE )
IN THE MATTER OF ) Misc. No. 06-
ATRIOS, LTD. )

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from the Ukraine. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Ukrainian authorities who are investigating a case of alleged smuggling.

EVIDENCE SOUGHT:

The Ukrainian authorities seek information from a company which resides in this District and the Delaware Secretary of State's Office. Thus, the information the Ukrainians seek may be obtainable here. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the

testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in <u>In Re Request for Judicial Assistance from the Seoul District Criminal Court</u>, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." <u>In Re Letter of Request from the Crown Prosecution Services of the United Kingdom</u>, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in the Ukraine and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: *[signature]*
Richard G. Andrews
Assistant U.S. Attorney
Delaware Bar I.D. No.2199
1007 N. Orange Street
Wilmington, DE  19801
(302) 573-6277

Dated: 7/27/06

*State Emblem of Ukraine*

**Public Prosecution of Ukraine**

# GENERAL PROSECUTOR'S OFFICE OF UKRAINE

01011, Kyiv-11, Riznytska Str. 13/15                         fax (044) 290-26-03

27 03.2006   No 14/2-26347-06

U.S. Department of Justice

To:   Rex Young
      Senior Counsel
      Office of International Affairs
      Suite 800

      1301 New York Ave., N. W.
      Washington, D.C., 20530

**Dear Mr. Young,**

The Investigation Division of the Department of Security Service of Ukraine in Sevastopol is investigating a criminal matter No 219 on the fact of seafood products smuggling by the elements of crime, envisaged by section 1 of Article 201 of the Criminal Code of Ukraine.

The need of proceedings in the territory of the United States of America has arisen in the course of investigation of the criminal matter.

In conformity with the Agreement between the United States of America and Ukraine *On Mutual Legal Assistance in Criminal Matters* of 1998, I am sending you the commission of the Investigation Division of the Security Service Department of Ukraine in Sevastopol with a request to organize its execution.

Please send materials, received as a result of execution of this commission, at the address of the General Prosecutor's Office of Ukraine quoting our reference number.

Enclosure:   on 30 pages.

**Yours faithfully,**
**Head of International Law Department**                                **S. Kravchuk**

By: Protsyshen V.M.
Tel.: 38-044-288-95-57

The seal of
the General Prosecutor's Office
of Ukraine

Translator of the General Prosecutor's Office of Ukraine                 R. Mykytenko

DECISION
about sampling of imprints of the stamp for expert examination

Sevastopol «25» January 2006.

Sedashev E.V., the senior lieutenant of Justice, the Investigator of the Investigating Division of the Office of the Security Service of Ukraine in Sevastopol, studied the records of the case № 219, and –

ESTABLISHED THAT:

The Investigating Division of the Office of the Security Service of Ukraine in Sevastopol investigates the criminal case № 219 on the fact of fish production contraband according the Criminal Code of Ukraine, part 1, and article 201. There are the documents with the imprint of the stamp of the firm "BUSINESS GROUP LLC" in criminal case record.

In order to establish the issue of the criminal case, i.e. to determine the firm (organization) whose imprint of the stamp is on the documents which are in the criminal case record, it is necessary to get the samples of the imprint of the stamp of the firm "BUSINESS GROUP LLC".

On the basis of stated above, governed by articles 114, 130 and 199 of the Criminal Code of Ukraine,-

DECIDED:
1. To get the samples of the imprint of the stamp of the firm "BUSINESS GROUP LLC" for expert examination, and to announce the director of the firm about that decision.
2. To charge the officers of law machinery of the USA to get the samples.

The Investigator of the Investigating Division
of the Office of the Security Service of Ukraine in Sevastopol
Senior lieutenant of Justice                                    E.V. Sedashev

The decision is announced to me: «____»_____2006.

_____(_____)

DECISION
about the signature card ( authorized signature) sampling
for expert examination

Sevastopol                                          «27» January 2006.

Sedashev E.V., the senior lieutenant of Justice, the Investigator of the Investigating Division of the Office of the Security Service of Ukraine in Sevastopol, studied the records of the case № 219, and –

## ESTABLISHED THAT:

The Investigating Division of the Office of the Security Service of Ukraine in Sevastopol investigates the criminal case № 219 on the fact of fish production contraband according the Criminal Code of Ukraine, part 1, and article 201. There are the documents signed by MENELAOS KYPRIANOU in criminal case record.

In order to establish the issue of the criminal case, i.e. to determine the person who signed the documents concretely which are in the criminal case record, it is necessary to get the samples of signature card (authorized signature) for comparative expert examination from MENELAOS KYPRIANOU.

On the basis of stated above, governed by articles 114, 130 and 199 of the Criminal Code of Ukraine,-

## DECIDED:

1. To get the samples of the signature card (authorized signature) of MENELAOS KYPRIANOU for expert examination and to announce him that decision.
2. To charge the officers of law machinery of the USA to get the samples.

The Investigator of the Investigating Division
of the Office of the Security Service of Ukraine
in Sevastopol
Senior lieutenant of Justice                                    E.V. Sedashev

The decision is announced to me «____»_____2006.

_____( _____ )

The Division of the International Affaires of
The Criminal-Juridical Office of
The Department of Justice
Of the United States of America

Subject: the legal redress for the investigation
of the criminal case № 219, instituted
on the fact of the contraband.

Ukraine presents the application for the legal redress to the competent authorities of the United States of America, in compliance with the Reciprocal Legal Redress Pact on criminal cases, agreed by the USA and Ukraine on 22 July 1998 in Kiev.

## APPLICATION FOR LEGAL REDRESS
## ON CRIMINAL CASE № 219

The Investigating Division of the Office of the Security Service of Ukraine in city of Sevastopol carries out the investigation of the criminal case № 219 according the Criminal Code of Ukraine, article № 201, part 1. on the fact of the fish production contraband to the amount of (cost of the fish production) 6 991 602, 07 UAH (hrivnas).
The investigator requires the information: the proper documentation about the registration of the firm "BUSINESS GROUP LLC" (NEWARK, BARKSDALE PROFESSIONAL CENTER, Country of New Castle, 19711, USA) to the American authorities; besides, the investigator has to interrogate MENELAOS KYPRIANOU the director of the firm "BUSINESS GROUP LLC" concerning his realisation of fish production to Ukrainian firm "Atrios" Ltd..
Taking into consideration, that the pre-trial investigation must be completed in 2 months, the Ukrainian authorities ask you to render legal redress urgently for accomplishment of this application.
The Investigating Division of Ukraine assures the competent authorities of the USA, that the information, got through the application fulfillment, will be used only for investigation of this criminal case and trying it in court.

This criminal case does not pursue political purposes.

The criminal case concerning the fact of the fish production contraband on the basis of constituent elements of offence, foreseen by the article № 201, part 1 of the Criminal Code of Ukraine was instituted on 13 January 2006.

During the pre-trial investigation, it was established, that on 22 November 2003 and on 3 March 2004 in Sevastopol Custom House Area the representatives of "Atrios" Ltd. (Ukraine, Kiev) delivered 3 686 826, 57 kilograms of fresh-frozen fish cost 6 991 602, 07 UAH (hrivnas) from Central-Eastern Atlantica to Ukraine against the contracts №1005-F/17.10.03. of (dated) 17.10.03 and № 1006-F/06.02.04 of (dated) 06.02.04 made with the American firm "BUSINESS GROUP LLC" (NEWARK, BARKSDALE PROFESSIONAL CENTER, Country of New Castle, 19711, USA). The officials of the firm "Atrios" Ltd. produced to the Custom House the contracts №№ 1005-F/17.10.03. of (dated) 17.10.03 and №1006-F/06.02.04 of (dated) 06.02.04., the bills of lading №№ 1/11, 2/11, 3/11, 4/11, 5/11 of (dated) 14.11.03 and without number of (dated) 17.02.04., as well as the cargo customs declarations №№ 12300/3/005507 and 12300/3/005508 of (dated) 28.11.03, №12300/3/005504 of (dated) 27.11.03, №№ 12300/3/005584 and 12300/3/005587 of (dated) 03.12.03, №№ 12300/4/001555 of (dated) 14.04.04. and 12300/4/001686 of (dated) 22.04.04 as the ground of the importation of fish to the territory of Ukraine.

The contracts №№ 1005-F/17.10.03. of (dated) 17.10.03 and №1006-F/06.02.04 of (dated) 06.02.04., the bills of lading №№ 1/11, 2/11, 3/11, 4/11, 5/11 of (dated) 14.11.03 and without number of (dated) 17.02.04., as well as the cargo customs declarations №№ 12300/3/005507 and 12300/3/005508 of (dated) 28.11.03, №12300/3/005504 of (dated) 27.11.03, №№ 12300/3/005584 and 12300/3/005587 of (dated) 03.12.03, №№ 12300/4/001555 of (dated) 14.04.04. and 12300/4/001686 of (dated) 22.04.04 contain false information about the consignor of goods – about the firm "Business Group LLC".

Thus, according the report of the Department of National Security of the United States of America of 22 August 2005 the information about the registration of the firm "BUSINESS GROUP LLC" was absent in databases of the Immigration and Custom Service.

Thereby, actually the firm "Atrios" Ltd. and the firm " BUSINESS GROUP LLC" could not make the contracts №№ 1005-F/17.10.03. of (dated) 17.10.03 and 1006-F/06.02.04 of (dated) 06.02.04, these contracts are false.

Criminal Code of Ukraine, Article 201, part 1

1. Contraband – is the conveyance of goods through custom border of Ukraine without customs supervision or concealment of goods from customs supervision, committed in large-scale, as well as illegal transporting of historical and cultural values, poisonous substances, radioactive agents/ substances, explosives, weapons and ammunition (except hunting smooth-bore and its ammunition), and also the contraband of strategically important raw materials, according which the corresponding export regulations are established by the legislation, –is punished by deprivation of liberty for a term from three to seven years, including the confiscation of articles of contraband.

2. The same actions, committed according previous concert of a group or a person, who had been convicted in court as a result of the crime, provided in the present article, –

are punished by deprivation of liberty for a term from five to twelve years, including the confiscation of articles of contraband and deprivation of property.

Comment. The contraband of goods is considered to be committed in a large-scale, if their cost/value exceeds a thousands times and more the tax-free income minimum of citizens.

The representatives of "Atrios" Ltd. violated this law, as they have transmitted 3 686 826, 57 kilograms of fish to the amount of (cost) 6 991 602,07 UAH (hrivnas) (approximately 1 400 000 USD) through custom border of Ukraine with the concealment committed in large scale from custom control, and they produced false documents to the Custom House of Sevastopol.

Accessorial (involved/implicated in crime) physical persons are not established.
Accessorial (involved/implicated in crime) firms:
– "Atrios Ltd", Ukraine, Kiev, Mechnikova str., 8.
– "BUSINESS GROUP LLC" (NEWARK, BARKSDALE PROFESSIONAL CENTER, Country of New Castle, 19711, USA);

We ask You to render assistance concerning the following: the investigator suspects, that the firm "BUSINESS GROUP LLC" (NEWARK, BARKSDALE PROFESSIONAL CENTER, Country of New Castle, 19711, USA) does not exist, the representatives of "Atrios Ltd' did not make the contracts for the sale of fish with this firm, but forged the documents on behalf of "BUSINESS GROUP LLC".

Necessary documents: we ask You to furnish us with the full information on:
- the existence of the firm "BUSINESS GROUP LLC" from 1 January, 2003 till 31 December, 2004, and nowadays;
-the signing of the contracts №1005-F/17.10.03. of (dated) 17.10.03. and № 1006-F/06.02.04 of(dated) 06.02.04 with the Ukrainian firm "Atrios" Ltd.;
- the acceptance-reception act of goods against contract;
-the transferring of funds by the firm "Atrios"Ltd against this contract;
-the shipment of fish by the firm "BUSINESS GROUP LLC" to the address of "Atrios" Ltd. in November 2003 and in March 2004;
-the letters, connected with the mentioned transaction;
-the original signature card (authorized signature) of the citizen MENEALAOS KYPRIANOU and the imprint of the stamp (seal) of the firm "BUSINESS GROUP LLC".

We ask You to question as a witness MENEALAOS KYPRIANOU, the director of the firm "BUSINESS GROUP LLC" (the information we have on record) concerning the following:
-Whom does he work as now and whom did he work as from the 1 of January 2003 till 31 of December 2004?
- Did he make contracts № 1005 F/17.10.03. of (dated) 17.10.03 and № 1006 F/06.02.04 of (dated) 06.02.04, did he concluded additional agreements to these contracts (please produce their copies) with the Ukrainian firm "Atrios" Ltd.? If the answer to these questions will be positive, then when, where, and under what circumstances and with whom did he make contracts № 1005 F/17.10.03. of (dated) 17.10.03 and № 1006 F/06.02.04 of (dated) 06.02.04 and additional agreements to these contracts? Are these contracts and additional agreements valid?

-Is he acquainted with the representatives of the Ukrainian firm "Atrios" Ltd.? If he is acquainted, then whom exactly was he acquainted with, when, where under what circumstances was he acquainted with these persons? What relations do they have (maintain)?

-Did the firm «BUSINESS GROUP LLC» make the delivery of fish production to the address of Ukrainian firm "Atrios" Ltd. in November 2003 and in March 2004? In case of the positive answer, then under (against) which contracts did the firm "BUSINESS GROUP LLC" make the delivery of fish production to the address of Ukrainian firm "Atrios" Ltd.? When, where, with whom, under what circumstances were these contracts made?

-Did the representatives of the firm "Atrios" Ltd. make payment for delivered fish to the address of the firm? In case of positive answer, what was the amount of the payment, when was it done, through which banks?

If it is impossible to fulfil this application, we ask you to inform us of the reasons and conditions it can be fulfilled.

The Investigating Division of the Office of the Security Service of Ukraine in city of Sevastopol thanks you in anticipation for the positive fulfilment of the application, assures you of cooperation in legal redress on reciprocal basis, and takes the opportunity to resume its best respect to the Department of Justice of the United States of America.

In case if you have question concerning this application we ask you to contact with Vladimir Shvydkov, the head of the Investigating Division of the Office of the Security Service of Ukraine in city of Sevastopol by the telephone number: 38-0692-55-40-93, fax number: 38-0692-55-40-93 or you may contact with Eugene Sedashev, the investigator of the Investigating Division by the telephone number: 38-0692-54-47-83.

We ask you to send the documents got through application fulfillment to the following address: 99011, Sevastopol, Lenina str., 37, the Investigating Division of the Office of the Security Service of Ukraine.

Enclosure:   - one copy of the contract № 1005-F/10.17.03 of (dated) 10.17.03 with the enclosure on 8 pages;
- one copy of the contract № 1006-F/06.02.04 of(dated) 06.02.04 with the enclosure on 10 pages;
- the decision of (dated) 27.01.06 about the signature card (authorized signature) sampling on one page.
- the decision of (dated) 27.01.06 about the sampling of imprints of the stamp (seal) of the firm "Business Group LLC" on one page.
The text is on 20 pages in whole.

Yours faithfully,

The Director of the Investigating Division
Of the Office of the Security Service of Ukraine
in Sevastopol
Colonel of Justice                                                                                V.P. Shvydkov

"16" February, 2006 y.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM THE UKRAINE ) | |
| IN THE MATTER OF ) | Misc No. 06- |
| ATRIOS, LTD. ) | |

<u>ORDER</u>

      Upon application of the United States of America; and upon examination of a letter of request from the Ukraine whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in the Ukraine and the Court being fully informed in the premises, it is hereby

      **ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from Ukrainian authorities as follows:

      1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

      2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

   3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in the Ukraine, which procedures may be specified in the request or provided by the Ukrainian authorities;

   4. seek such further orders of this Court as may be necessary to execute this request; and

   5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Ukrainian authorities.

   IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

   Dated:  This _____ day of _____, 2006.


                                   _____
                                   United States District Court Judge